**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

YUNEK MOORE,
     Plaintiff,

v.                                                                                  Case No. 1:14-CV-01220-JES-JEH

OFFICER AMY DOTSON, et al,
     Defendants.

**Order**

Now before the Court are the Plaintiff, Yunek Moore's, Motion to Exclude Defendants' Police Practices Expert, Thomas Dworak (D. 37)[1] and the Defendants' Response (D. 39). For the reasons stated, *infra*, the Plaintiff's Motion to Exclude Defendants' Police Practices Expert, Thomas Dworak, is GRANTED.

The Plaintiff brought the instant suit, alleging, *inter alia*, excessive force in violation of §1983, against the Defendants, Officers Amy Dotson, Craig Williams, Thomas Bond and the City of Peoria. Relevant to the Motion before the Court, discovery in this case closed on July 15, 2016. (*See* the Court's September 4, 2015 text order). On February 6, 2017, the Defendants filed a Joint Motion to Continue Final Pre-Trial Conference and Jury Trial to Allow Parties to Complete Medical Discovery and Participate in a Settlement Conference. (D. 29). The Court granted the Motion, directing the parties to conduct the depositions of the Plaintiff's expert witnesses by April 28, 2017. (*See* the Court's February 24, 2015 text order).

On June 30, 2017, the Defendants served on the Plaintiff an expert witness report from Thomas Dworak. Dworak is a police practices expert and his report contains his opinions on the

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

conduct and use of force utilized by the Defendant police officers in the incident that gave rise to this litigation. On August 29, 2017, the Plaintiff filed her Motion to Exclude Dworak. (D. 37). After the deadline to respond passed without a filing by the Defendants, the Court granted the Plaintiff's Motion. (*See* the Court's September 14, 2017 text order). The Defendants immediately filed a Motion to Reconsider, arguing that the Court should address the issue on the merits. (D. 39). The Court granted the Defendant's Motion (*see* the Court's September 18, 2017 text order) and now addresses the issue on the merits.

The Defendants argue that the Court's extension of discovery for medical experts was also, more generally, an extension of all expert discovery. (D. 39 at pp. 1-2). They further assert that they specified for the Court at a series of status conferences that they intended to call a police practices expert. *Id.* at pg. 2. After reviewing the relevant transcripts, the Court disagrees with the Defendants' characterization of their disclosure.

The parties attended status conferences before the Court on February 24, 2017, April 28, 2017, and June 30, 2017. The only mention of a police practices expert is by the Defendants' counsel at the June 30, 2017 status hearing, the day after the Defendants disclosed Dworak's report to the Plaintiff. In short, there was no disclosure of Defendants' counsel's intent to disclose a police practices expert. Rather, Defendants' counsel informed the Court after the fact. All other discussions regarding the extension of discovery were in reference to medical experts. Moreover, the parties Joint Motion to Continue Final Pre-Trial Conference and Jury Trial to Allow Parties to Complete Medical Discovery and Participate in a Settlement Conference does not contemplate or reference any non-medical discovery, expert or otherwise. (D. 29). The Motion is explicitly limited to medical experts. *Id.*

It is clear from the record before the Court that the Defendants disclosed an expert witness, Dworak, after the close of discovery.  This disclosure was untimely.  As such, the Court GRANTS the Plaintiff's Motion to Exclude Dworak.  The Court further declines the Defendants' request to extend the discovery deadline.  At the status hearings referenced by the Defendants, the Court made it clear to the parties that their discovery efforts had languished and that discovery should have already concluded at that stage of the litigation, after the filing of dispositive motions.  *See, e.g.* (D. 39-1 at pp. 4-5).

For the reasons stated, *supra*, the Plaintiff's Motion to Exclude Defendants' Police Practices Expert, Thomas Dworak (D. 37) is GRANTED.

*It is so ordered.*

Entered on September 27, 2017

s/James E. Shadid

James E. Shadid
U.S. Chief District Judge